Judge Wood
delivered the opinion of the court:
The motion for a new trial must be overruled. We have not the testimony which was submitted to the jury. There was much •of it, both from witnesses called to the stand and contained in -depositions which were read on the trial. This evidence has, in a great measure, faded from our recollection, and leaves us to be guided in our action by what we can call, to mind of our impressions at the time. If we do not err, the plaintiff claimed title to -the property by bill of sale from Samuel D. Flagg, and the defendants by virtue of several executions in favor of Nathan Urner and others, which they, as constables, had levied on the property while in Flagg’s possession. The judges who tried the cause, from the testimony then adduced, were left with the strong belief that the bill of sale from Flagg to the plaintiff was in fraud of creditors, and, as against them, void. If such were the fact, the defendants had the legal title to the property; and its value, with the addition of interest, from the time of the service of the writ, as shown by the evidence, was not too highly estimated by the jury.
We are, in the next place, asked to arrest the judgment for in *527 sufficiency in the verdict, and to award a venire facias de nova. Section 7 of the act regulating writs of replevin, 29 Stat. 129; enacts, “that in all cases, upon issue joined, when the jury shall find for the defendant, they shall *find whether the defendant had the right of property in the goods, or the right of possession only, at the commencement of the suit; and if they shall: find either in his favor, they shall assess such damages as they think right and proper.” Und'er this statute, the jury ought most clearly to specify the ground on which the assessment of damages is made; otherwise the court can not determine whether the damages are excessive or not. They might be excessive, if the right of possession, and not excessive, if the right of property, was found in the defendant; for, in one case, he would be divested: of the temporary use, and in the other of the property itself. In the former, he should receive damages for the detention, and, in the latter, for the full value of the property. But can this verdict, on any legal principles, be sustained ? It is a general verdict for the defendants, and finds all the issues in their favor. 1. That they did not wrongfully detain the plaintiff’s property. 2. That the goods and chattels were the property of both the defendants. 3. That they were the property of Saffin, one of the defendants. 4. That they were the property of Smith, the other defendant. 5. That they were the property of Samuel D. Flagg. Here, then, are four special issues — each inconsistent with the others — and the jury find the right of property in both of the defendants, in each and in a stranger.
These issues can not all be truly found for the defendants; such a state of things can not exist in law or ethics. What issues then are truly and what untruly found ? The verdict does not answer the inquiry, and must leave the court in doubt on which to render-judgment, for the plaintiff or defendants. The jury should pass-on all the issues made up between the parties. Their verdict-should be clear and intelligible, so that the court may ascertain* from its terms what judgment to render. 5 Ohio, 238. In Stearns v. Barrett, 1 Mass. 169,170, Judge Story says, “ If there be-a material repugnancy in the verdict, it is not competent for the-court to decide which is the truth of the case; and if it were otherwise, there is no authority to substitute its own opinion for -that of the jury. In such case, the repugnancy will be fatal. A verdict which finds two inconsistent material facts is void, and can *528 not be a foundation for a legal judgment.” This authority is decisive of this ease. The judgment must be arrested, and a venire de novo awarded.